## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSLIN AL SARORI; HAITHAM AL KIBSI; MEERAL AL KIBSI; NOORAN AL KIBSI<br>12066 Language Way<br>  Orlando, FL 32832<br><br>                    Plaintiff(s)<br><br>               v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br><br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br>                    Defendant(s). | Civil Action No: 1:22-cv-3600 |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

## INTRODUCTION

COME NOW, MARSLIN AL SARORI (hereinafter "Plaintiff AL SARORI" or collectively "Plaintiffs"), HAITHAM AL KIBSI (hereinafter "Plaintiff AL KIBSI" or collectively "Plaintiffs"), MEERAL AL KIBSI (hereinafter "Plaintiff MEERAL" or collectively "Plaintiffs"), and NOORAN AL KIBSI (hereinafter "Plaintiff NOORAN" or collectively "Plaintiffs") by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiffs are Yemeni nationals who filed for asylum in the United States on May 24, 2017. Plaintiff AL SARORI's Form I-589, Application for Asylum and for Withholding of Removal (hereinafter "Application") was properly and completely filed on May 24, 2017. Plaintiffs AL KIBSI, MEERAL, AND NOORAN are derivative applicants based on their relationship to Plaintiff AL SARORI as their wife and mother, respectively. As of January 29, 2018, USCIS adopted a prioritization system for scheduling affirmative asylum interviews prioritizing the most recently filed affirmative asylum applications, striving to schedule affirmative asylum interviews within 21 days of receipt of those applications.[1] Plaintiffs' Applications have now been pending, scheduling an affirmative asylum interview, for over 66 months (over five years and six months or 2015 days) which is over 95 times the stated 21-day goal for scheduling asylum applicants for their interviews.

2. Plaintiffs have a clear right to the adjudication of their Applications in a timely manner. The scheduling of Plaintiffs' affirmative asylum interview is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

---

[1] *See* USCIS Affirmative Asylum Scheduling at: https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS offices have resumed conducting in-person interactions; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on the Filing.

## PARTIES

5. Plaintiff MARSLIN AL SARORI is a Yemeni national and for purpose of this action is a resident of Orange County, Florida. Plaintiff AL SARORI is also the applicant of a properly filed Form I-589 Application for Asylum and Withholding of Removal.

6. Plaintiff HAITHAM AL KIBSI is a Yemeni national and for purpose of this action is a resident of Orange County, Florida. Plaintiff AL KIBSI is also the derivative applicant of a properly filed Form I-589 Application for Asylum and Withholding of Removal.

7. Plaintiff MEERAL AL KIBSI is a Yemeni national and for purpose of this action is a resident of Orange County, Florida. Plaintiff MEERAL is also the derivative applicant of a properly filed Form I-589 Application for Asylum and Withholding of Removal.

8. Plaintiff NOORAN AL KIBSI is a Yemeni national and for purpose of this action is a resident of Orange County, Florida. Plaintiff NOORAN is also the derivative applicant of a properly filed Form I-589 Application for Asylum and Withholding of Removal.

9. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of

adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

11. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. Plaintiffs have over the past 66 months (over five years and six months or 2015 days) requested the Defendants to schedule their affirmative asylum interviews. Furthermore, Plaintiffs have initiated inquiries and requested to have the processing of their affirmative asylum applications expedited, both directly with USCIS and through their local congressman's office. All expedite requests made by the Plaintiffs have been denied by Defendants.

15. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish their eligibility for adjudication of their Form I-589.

16. There are no further administrative remedies available for the Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

17. On May 24, 2017, Plaintiff AL SARORI filed Form I-589 with USCIS, including her spouse, Plaintiff AL KIBSI, and her two children, Plaintiffs MEERAL and NOORAN as derivative applicants. **[EXHIBIT A]**.

18. In the June of 2017, Plaintiff AL SARORI and Plaintiff AL KIBSI appeared for and completed their required biometrics appointment at the designated USCIS Application Support Center.

19. On November 3, 2021, in response to Plaintiffs' request for the expedited processing of their case, Plaintiffs were informed that their case was pending the scheduling of their interview at the Miami Asylum Office.

20. Since the date of filing, USCIS has made no further requests for information or evidence from the Plaintiffs, nor have they scheduled Plaintiffs for an interview.

21. Plaintiffs have made numerous inquiries over the past 66 months with USCIS and have requested the scheduling of their affirmative asylum interview.

22. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiffs' Application for asylum is still pending scheduling.

23. Plaintiffs' Application now continues to be pending with USCIS for over 66 months (over five years and six months or 2015 days).

24. As of January 29, 2018, USCIS adopted a prioritization system for scheduling affirmative asylum interviews prioritizing the most recently filed affirmative asylum applications, striving to

schedule affirmative asylum interviews within 21 days of receipt of those applications.[2] Plaintiff's Application now continues to be pending with USCIS for over 66 months (over five years and six months or 2015 days) which is over 95 times the stated 21-day goal stipulated by USCIS for scheduling asylum applicants for their interviews.

25. Defendants have refused to provide further explanation which would merit the need for over 66 months of processing time.

26. Plaintiffs have made numerous inquiries with USCIS, both directly and through their local congressman's office, requesting to have their asylum case expedited, but to no resolve.

27. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their case has been pending without action by USCIS.

28. Plaintiffs have been deprived of the opportunity of having their asylum applications fully adjudicated.

29. Moreover, Plaintiffs have incurred significant attorney's fees due to the Defendants' failure to adjudicate Plaintiffs' Application within a reasonable period of time.

## **COUNT I**

### VIOLATION OF THE APA – I-485 Application

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiffs have a statutory right to the adjudication of their application for asylum. 8 U.S. Code §1158.

32. Defendants have a duty to adjudicate Plaintiffs' Application within a reasonable period of time under 5 U.S.C. §555(b).

---

[2] *See* USCIS Affirmative Asylum Scheduling at: https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling

33. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

34. No other adequate remedy is available to Plaintiffs.

35. Given the Defendants' lack of a reason for not scheduling an interview on Plaintiffs' Form I-589 Application for over 66 months, Plaintiffs' Application has been pending for an unreasonably long period of time.

36. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

38. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

39. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Form I-589.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Form I-589 immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  November 28, 2022    Respectfully submitted,

    /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*